UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANA L. ALMEIDA AND DALMO G. ALMEIDA, INDIVIDUALLY AND ON BEHALF OF TITO LIVIO ALMEIDA, DECEASED, AND SARAH ALMEIDA RODRIGUEZ, AS PERSONAL REPRESENATIVE OF THE ESTATE OF TITL LIVIO ALMEIDA, DECEASED | * * * * * | CASE NO. SECTION: JUDGE |
| Plaintiffs, | * | MAG. JUDGE |
| PANTHER HELICOPTERS, INC., BELL TEXTRON, INC., ARROW AVIATION COMPANY, LLC, AND ROLLS-ROYCE CORP. | | |
| Defendants. | | |

\* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant, Bell Helicopter Textron Inc. ("Bell"), has removed this matter from the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, in which it is now pending, to the United States District Court for the Eastern District of Louisiana pursuant to pursuant to 28 U.S.C. §§ 1446(a), 1441 and 1446. Complete diversity of citizenship exists between the properly joined and served parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Under 28 U.S.C. § 1441(b), no party properly joined and served as a defendant in this action is a citizen of Louisiana, the state in which this action was filed. Alternatively, this removal is predicated on the Court's federal question jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§1333 through 1356 as well as plaintiffs' invocation of federal law.

In support of this Notice of Removal, Bell states as follows:

**I.**

On November 30, 2020, plaintiffs, Dalmo Geraldo De Almeida and Ana Lucia Almeida, individually and as beneficiaries of the Estate of Tito Livio Almeida, and Sarah Almeida Rodriguez, as personal representative of the Estate of Tito Livio Almeida, deceased ("Plaintiffs") filed a Petition for Damages in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, entitled *Dalmo Geraldo De Almeida and Ana Lucia Almeida, et al. v. Panther Helicopters, Inc., et al.*, bearing Civil Action No. 66435, Div. A (*See,* Plaintiffs' Petition for Damages attached as Exhibit "A" at p. 1.)

**II.**

Plaintiffs allege that on December 7, 2019, decedent Tito Livio Almeida was piloting a Bell 407 helicopter bearing FAA registration N79LP ("subject helicopter") as a Part 135 on-demand air taxi service among oil production platforms when the subject helicopter suffered a catastrophic failure killing its occupants. (See, generally, Plaintiffs' Petition for Damages attached as Exhibit "A" at pp. 8-9.)

**III.**

**CITIZENSHIP OF THE PARTIES**

1. Plaintiffs DALMO GERALDO ALMEIDA and ANA LUCIA ALMEIDA are the parents of decedent Tito Livio Almeida and are residents of Brazil.

2. Plaintiff SARAH ALMEIDA RODRIGUEZ is personal representative of the Estate of Tito Livio Almeida and is a resident of Florida.

3. Defendant Panther Helicopters, Inc. is a Louisiana corporation with its principal place of business in Louisiana.

4. Defendant Bell Helicopter Textron Inc. is a Delaware corporation with its principal place of business in Texas.

5. Defendant Arrow Aviation Company, LLC is a Louisiana corporation with its principal place of business in Louisiana.

6. Defendant Rolls-Royce Corp. is a Delaware corporation with its principal place of business in Indiana.

### IV.

Accordingly, there is complete diversity between Plaintiffs and Defendants. No defendant has been properly served and joined at the filing of this removal.

### V.

This removal is also predicated on the Court's federal question jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§1333 through 1356.

### VI.

Plaintiffs allege that decedent was killed on December 7, 2019, when a "[t]he subject helicopter departed from oil platform WD109 and was flying over the Gulf of Mexico en route to platform WD73." H." *See*, Exhibit "A," plaintiff's Petition for Damages, p. 9 at ¶36.

### VII.

Plaintiff's claims, therefore, arise out of or in connection with operations conducted on the Outer Continental Shelf and involve exploration, development, and production of the

minerals of the Outer Continental Shelf, which gives rise to federal question under OCSLA, 43 U.S.C. § § 1331, *et seq*.

### VIII.

Claims arising under OCSLA are removable because they present a federal question. *Bolden v. Superior Energy Servs. L.L.C.*, 2003 WL 22835965 *6 (E.D. La. 2003) (citing Hufnagel, 182 F.3d at 350). As such, this Court has original jurisdiction under OCSLA regardless of the citizenship of the parties.

### IX.

In the alternative, plaintiffs' Petition arises out of federal law as they allege 14 C.F.R. § 135 governed the on-demand air taxi services constituting a commercial operation and use of the subject helicopter. *See*, Exhibit "A," plaintiff's Petition for Damages, p. at ¶29.

### X.

The Parish of Plaquemines, State of Louisiana, is within the territorial jurisdiction of the United States District Court for the Eastern District of Louisiana.

### XI.

Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely because it is filed within 30 days after Bell received Plaintiffs' Petition for Damages, and that is the initial pleading setting forth the claim for relief upon which this action is based.

### XII.

Pursuant to 28 U.S.C. §1446(a), the United States District Court for the Eastern District of Louisiana, is the proper district and division to file this removal, based on where the state court action was filed. *See* 28 U.S.C. §104(a)(2).

## XIII.

Pursuant to 28 U.S.C. §1446(d), Bell is promptly filing a Notice of Removal with the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana, and giving written notice thereof to all adverse parties.

## XIV.

There are no other properly joined and served Defendants. Therefore, consent by any other defendant to this removal is not required. *See* 28 U.S.C. §1446(a)(2)(A).

**WHEREFORE**, Bell respectfully requests that this Notice of Removal be filed, that Civil Docket No. 66-435 in the 25th Judicial District Court for the Parish of Plaquemines, State of Louisiana be removed to and proceed in this Court, and that no further proceedings be had in Civil Docket No. 66-435 for the Parish of Plaquemines.

Respectfully submitted,

**McGLINCHEY STAFFORD, PLLC**

*/s/ Brian M. LeCompte*
**COLVIN G. NORWOOD, JR. (10083)**
**BRIAN M. LeCOMPTE (26967)**
601 Poydras Street – 12th Floor
New Orleans, LA 70130
Telephone: (504) 586-1200
Facsimile: (504) 596-2871
wnorwood@mcglinchey.com
blecompte@mcglinchey.com
**ATTORNEYS FOR BELL HELICOPTER TEXTRON INC.**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading has been served upon all counsel of record by facsimile, electronic mail, and/or depositing same in the U.S. Mail, postage prepaid and properly addressed, this 2nd day of December, 2020.

                                      */s/ Brian M. LeCompte*
                                      **BRIAN M. LeCOMPTE**