UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALMEIDA, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-3280** |
| **PANTHER HELICOPTERS, INC., ET AL.** | **SECTION "L" (3)** |

### ORDER AND REASONS

Before the Court is Defendant Rolls-Royce's Motion to Dismiss, R. Doc. 116. Plaintiff filed an opposition, R. Doc. 121, to which Rolls-Royce filed a reply, R. Doc. 124. Having considered the briefing and the applicable law, the Court now rules as follows.

I.  BACKGROUND

This case arises from a December 7, 2019 helicopter crash during an air taxi service between two oil production platforms which resulted in the deaths of Tito Livio Almeida ("Mr. Almeida") and one passenger. R. Doc. 1 at 2. Mr. Almeida was piloting Panther Helicopters, Inc.'s ("Panther") Bell 407-series helicopter from one oil platform to another when the helicopter suffered a failure and the rotor blades severed the tail boom from the aircraft. R. Doc. 1-1 at 3. Plaintiffs contend that the helicopter was within Louisiana territorial waters in the Gulf of Mexico at the time of the incident. *Id.* at 9; R. Doc. 47 at 2. Plaintiffs also assert that the subject flight was a commercial operation. R. Doc. 1-1 at 8.

Plaintiffs assert the accident was caused by engine failure, design defect, and improper maintenance on the part of Panther and the other named defendants and that the helicopter at issue was owned and operated by Panther, which provides chartering services by leasing, operating, and supplying helicopters and pilots. R. Doc. 1-1 at 20. Plaintiffs further allege that Arrow Aviation

1

Company, LLC ("Arrow") provided maintenance services to the Bell 407-series helicopter at issue at the time of the incident. *Id.* Moreover, Plaintiffs contend that Bell Textron, Inc. and Bell Helicopter Textron Inc. (collectively, "Bell") designed, certified, assembled, manufactured, serviced, maintained, inspected, repaired, sold, and distributed helicopters and their component parts, including the Bell 407-series helicopter. R. Doc. 1-1 at 3-6. Lastly, Plaintiffs contend that Rolls-Royce Corporation ("Rolls-Royce") designed, manufactured, modified, maintained, inspected, serviced, sold, and distributed helicopter turbines, engines and their component parts, including the engine and component parts installed on the Bell 407-series helicopter at issue. *Id.*

On November 30, 2020, Plaintiffs, as personal representatives and beneficiaries of the Estate of Tito Livio Almeida, filed this action in the 25th Judicial District Court for the Parish of Plaquemines, Louisiana. *Id.* at 1. Panther removed the case on December 2, 2020, asserting that this Court's jurisdiction is proper due to diversity jurisdiction under 28 U.S.C. § 1332(a), existence of a federal question posed by the Outer Continental Shelf Lands Act ("OCSLA"), admiralty jurisdiction pursuant to 43 U.S.C. §§ 1333-1356. Panther asserts that in the alternative, federal jurisdiction is proper due to the "invocation of federal law" in Plaintiff's pleadings, which allege that 14 C.F.R. § 135 governed the on-demand air taxi services at issue in this case. *Id.* at 4.

Plaintiffs seek to recover damages for Mr. Almeida's death under Louisiana law. R. Doc. 1-1 at 2-3. Plaintiffs seek recovery from Bell and Rolls-Royce under the Louisiana Products Liability Act ("LPLA"), alleging that Bell placed the Bell 407-series no. N79LP into the stream of commerce when it was unreasonably dangerous, and that Rolls-Royce sold the M250-C47 helicopter engine and its component parts which were unreasonably dangerous. *Id.* at 10-16. Plaintiffs seek recovery from Panther under negligence, strict liability, and wrongful death as the owner and operator of the subject helicopter. *Id.* at 20-26. Plaintiffs seek recovery from Arrow

under strict liability, alleging that Arrow maintained the helicopter. *Id.* at 31-34.

Bell denies Plaintiffs' allegations and asserts affirmative defenses including: (1) if the helicopter is found to have contributed to the accident, the helicopter was modified, altered, incorrectly maintained or damaged after the helicopter left its care; (2) the helicopter was under the custody and control of others who may be responsible in whole or in part for the accident; (3) Plaintiffs failed to join necessary and indispensable parties to this action; (4) Plaintiffs failed to mitigate damages; (5) the LPLA precludes additional theories of recovery under negligence and warranty; (6) Plaintiffs' claims are barred from recovery under the General Aviation Revitalization Act of 1994, 49 U.S.C. § 40101; (7) the helicopter was free of any manufacturing or design defects when it left Bell's control; and (8) Plaintiffs' damages may be precluded or otherwise limited by the Death on the High Seas Act ("DOHSA"). R. Docs. 4, 8.

Panther denies Plaintiffs' allegations and asserts affirmative defenses including (1) the helicopter was airworthy and properly manned, equipped, and supplied; (2) the damages were not caused or contributed to by any fault or neglect on the part of Panther; (3) Plaintiffs' damages were due to superseding causes; (4) Plaintiffs' injuries were caused by an Act of God or unavoidable or inevitable accident; and (5) Tito Livio Almeida was an employee of Panther and therefore Panther is statutorily immune from this suit. R. Doc. 15 at 1-38. On February 2, 2021, Panther filed a motion for summary judgment on all claims, arguing that it is immune from this suit under the Longshore and Harbor Workers' Compensation Act ("LHWCA"). R. Doc. 18.

Arrow was added to this action on February 26, 2021 and asserts affirmative defenses including: (1) failure to state a claim; (2) neither Arrow nor its employees was negligent, at fault, or liable under any theory alleged; (3) Arrow discharged every duty it may have owed under the law; and (4) Plaintiffs' damages may be precluded and/or limited by the Death on the High Seas

3

Act. R. Doc. 54. Rolls-Royce did not file an answer but instead filed a motion to dismiss. R. Doc. 17.

On April 13, 2021, the Court denied Rolls-Royce's Motion to Dismiss for Failure to State a Claim. On April 28, 2021, the Court dismissed Panther with prejudice and denied as moot Panther's Motion for Summary Judgment.

On December 23, 2021, Plaintiff Sarah Almeida Rodriguez, as personal representative of the estate of Tito Livio Almeida, filed an Amended Complaint adding a new defendant, Dallas Airmotive, Inc. ("Dallas Airmotive"), a Texas corporation with its principal place of business in Arizona. R. Doc. 112 at 3. The Amended Complaint alleges that, in 2016, Dallas Airmotive "provided maintenance, repair, and/or overhaul services for the subject engine installed in the subject helicopter that Tito Livio Almeida was piloting at the time of his death." *Id.* at 3, 7. The Amended Complaint asserts negligence and strict liability claims against Dallas Airmotive. *Id.* at 24-28. Dallas Airmotive filed an Answer asserting affirmative defenses including failure to state a claim for which relief can be granted; third-party negligence; comparative fault; superseding causes; and failure to mitigate damages, among others. R. Doc. 139.

## II. PRESENT MOTION

Rolls-Royce has filed a motion to dismiss the Amended Complaint or, alternatively, to require a more definite statement. R. Doc. 116. Rolls Royce argues that the Amended Complaint does not establish that the suit is brought for the exclusive benefit of the decedent's statutory dependents, as DOHSA requires, and is impermissibly vague about the identities of any such dependents. Rolls Royce also argues that the Amended Complaint does not sufficiently allege certain damages (namely, loss of support and funeral expenses) because it fails to identify the dependents of the decedent that have incurred these damages.

Plaintiff opposes the motion, arguing that there is no requirement that she identify specific dependents in the Complaint and that discovery is the proper remedy for any ambiguity about the dependents on whose behalf Plaintiff brings her DOHSA claim. R. Doc. 121.

### III. APPLICABLE LAW

#### a. Standard for Motion to Dismiss Under Rule 12(c)

Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "The standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Under this standard, the court "accept[s] the complaint's well-pleaded facts as true and view[s] them in the light most favorable to the plaintiff," granting a motion to dismiss only if "the plaintiff would not be entitled to relief under any set of facts that he could prove consistent with the complaint." *Id.* "[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (2001) (quoting *St. Paul Mercury Ins. Co. v. Williamson*, 224 F.3d 425, 440 n. 8 (5th Cir.2000)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

#### b. Standard for Motion for More Definite Statement Under Rule 12(e)

Rule 12(e) provides that

> [a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

FED. R. CIV. P. 12(e). A motion for a more definite statement is proper "[w]hen a complaint

fashioned under a notice pleading standard does not disclose the facts underlying a plaintiff's claim for relief," such that "the defendant cannot reasonably be expected to frame a proper, fact-specific . . . defense." *Thomas v. Indep. Twp.*, 463 F.3d 285, 301 (3d Cir. 2006). However, a motion for a more definite statement "is inappropriate where the information sought can otherwise be obtained by discovery." *Babcock & Wilcox Co. v. McGriff, Seibels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006). This type of motion is "further disfavored when 'the particular information defendant is seeking is within defendant's own knowledge, which mitigates in favor of denying the motion.'" *Id.* (quoting *Concepcion v. Bomar Holdings, Inc.*, 1990 WL 13257, at *2 (S.D.N.Y.1990)).

### c. Recovery Under DOHSA

DOHSA provides that

> [w]hen the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States, the personal representative of the decedent may bring a civil action in admiralty against the person or vessel responsible. The action shall be for the exclusive benefit of the decedent's spouse, parent, child, or dependent relative.

46 U.S.C. § 30302. DOHSA further provides that "[t]he recovery in an action under this chapter shall be a fair compensation for the pecuniary loss sustained by the individuals for whose benefit the action is brought. The court shall apportion the recovery among those individuals in proportion to the loss each has sustained." 46 U.S.C. § 30303. Thus, non-pecuniary damages are not available in a DOHSA claim. *Dooley v. Korean Air Lines Co.*, 524 U.S. 116, 122-23 (1998). The exception to this bar on non-pecuniary damages is the "commercial aviation" exception, which allows recovery for non-pecuniary damages, namely "damages for loss of care, comfort, and companionship," "if the death resulted from a commercial aviation accident occurring on the high seas beyond 12 nautical miles from the shore of the United States." 46 U.S.C. § 30307.

Damages for loss of support are recoverable under DOHSA as pecuniary damages. *Sea-Land Servs., Inc. v. Gaudet*, 414 U.S. 573, 584 (1974). To recover for loss of support, a plaintiff must provide "some showing of dependence on the deceased or an expectation of support." *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1350 (9th Cir. 1987), *opinion modified on reh'g*, 866 F.2d 318 (9th Cir. 1989). Whether a relative is a dependent within the meaning of DOHSA depends on whether there is "a legal or voluntarily created status where . . . contributions are made for the purpose and have the result of maintaining or helping to maintain the dependent in his customary standard of living." *Petition of U. S.*, 418 F.2d 264, 272 (1st Cir. 1969). However, a decedent's parents may recover for loss of support without showing dependency, "to the extent that the [parents] anticipated future pecuniary benefits from support . . . by their deceased [child]." *Wahlstrom v. Kawasaki Heavy Indus., Ltd.*, 4 F.3d 1084, 1093 (2d Cir. 1993).

As for funeral expenses, they are a pecuniary loss recoverable under DOHSA if "the decedent's dependents have either paid for the funeral or are liable for its payment." *Sea-Land*, 414 U.S. at 591. Similarly, the decedent's parents, even if not dependents, "may recover damages for funeral expenses to the extent that they paid for [the decedent's] funeral or are liable for that payment." *Wahlstrom*, 4 F.3d at 1093.

## IV. DISCUSSION

The Court is not persuaded by Rolls-Royce's motion to dismiss and motion for a more definite statement. While Rolls-Royce argues that Plaintiff has failed to state a claim because the Amended Complaint does not identify the beneficiaries on whose behalf the suit is brought, Rolls-Royce has not pointed to any requirement that a complaint identify beneficiaries by name. Thus, viewing the Amended Complaint in the light most favorable to Plaintiff, her statement that she brings her claims "on behalf of all beneficiaries of decedent Tito Livio Almeida entitled to recover

under applicable law" is sufficient. Further, Rolls-Royce will have the opportunity to determine the identities of the beneficiaries through discovery. *See Babcock*, 235 F.R.D. at 633.

Rolls-Royce also argues that Plaintiff has not sufficiently alleged that the beneficiaries of the suit are Mr. Almeida's dependents. However, Rolls-Royce has not identified a requirement that dependency be alleged in the complaint. Moreover, a showing of dependency is not necessarily required because a decedent's parents may recover under DOHSA without showing dependency. *Wahlstrom*, 4 F.3d at 1093. When the decedent's parents seek to recover for loss of support, as Plaintiff alleges is the case here, they may simply show that they anticipated future support from their child. *Id.* Again, the proper avenue to determine whether Mr. Almeida's parents anticipated future support from him is discovery. Discovery is also appropriate for determining whether Mr. Almeida's parents were liable for funeral expenses. Thus, because of the availability of discovery to remedy the issues of which Rolls-Royce complains in its motion, the motion lacks merit.

V.  **CONCLUSION**

For the foregoing reasons,

**IT IS ORDERED** that Rolls-Royce's Motion to Dismiss, R. Doc. 116, is **DENIED**.


New Orleans, Louisiana, this 25th day of April, 2022.

_____
UNITED STATES DISTRICT JUDGE